IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT JOSEPH KING                :

    v.                            :     Civil Action No. DKC 16-3804

DENNIS SCHRADER, et al.           :

**MEMORANDUM OPINION & ORDER**

Plaintiff Robert Joseph King ("Plaintiff") filed a motion to waive the balance of the fees owed to the court. (ECF No. 35). Plaintiff is a patient involuntarily committed to the custody of the Maryland Department of Health and currently hospitalized at Clifton T. Perkins Hospital Center ("Perkins"). *King v. Onwuanibe*, No. DKC-17-1654, 2017 WL 5992188, at *1 (D.Md. Dec. 4, 2017). On November 21, 2016, Plaintiff filed his initial complaint in this case and a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1; 2).

In the court's order disposing of Plaintiff's motion to proceed *in forma pauperis*, the court granted Plaintiff's motion and required payments pursuant to the Prison Litigation Reform Act ("PLRA"). This was an error. Plaintiff should not have had to pay any fees. The PLRA only applies to "prisoners." 28 U.S.C. § 1915(b)(2). The PLRA defines "prisoner" as "any person incarcerated or detained in any facility who is accused of,

convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

Plaintiff has been civilly committed to Perkins for mental health reasons and not incarcerated for criminal offenses. He is a patient and not a prisoner. *See* Defendants' Memorandum in Opposition to Plaintiff's Motion for a Temporary Restraining Order at 2, *King v. Onwuanibe*, No. DKC-17-1654, 2017 WL 5992188, (D.Md. July 7, 2017) (ECF No. 4). Therefore, the PLRA fees for a prisoner filing *in forma pauperis* do not apply to Plaintiff. *See Michau v. Charleston Cty.*, 434 F.3d 725, 727-28 (4th Cir. 2006) (finding a person civilly committed under the state's Sexually Violent Predators Act was not a "prisoner" within the meaning of the PLRA); *Kelly v. Maryland*, No. AW-07-2601, 2007 WL 5234145, at *2 n.5 (D.Md. Oct. 16, 2007) (noting that someone civilly committed to Perkins after a verdict of not guilty by reason of insanity was not a "prisoner" within the meaning of the PLRA). Accordingly, the court will order the clerk to return all the money Plaintiff has already paid and will waive the remainder of the balance.

For the foregoing reasons, it is this 22nd day of December, 2017, by the United States District Court for the District of Maryland, ORDERED that:

1. The motion to waive balance filed by Plaintiff Robert Joseph King (ECF No. 35) BE, and the same hereby IS, GRANTED;

2. Plaintiff's balance of $227.96 BE, and the same hereby IS, WAIVED;

3. The portion of the Court's order (ECF No. 3) directing Plaintiff to make monthly payments BE, and the same hereby IS, RESCINDED;

4. The Clerk IS DIRECTED to refund $122.04 to Plaintiff's account at Clifton T. Perkins Hospital Center;

5. The clerk will transmit a copy of this Memorandum Opinion and Order to the clerk for the United States Court of Appeals for the Fourth Circuit;

6. The clerk will transmit copies of the Memorandum Opinion and Order to Plaintiff and to counsel for Defendant.

                                                  /s/
                                      DEBORAH K. CHASANOW
                                      United States District Judge