IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT JOSEPH KING          :
                            :
    v.                      : Civil Action No. DKC 16-3804
                            :
ROBERT L. NEALL,[1] et al.   :
                            :

**MEMORANDUM OPINION**

Presently pending and ready for resolution are: (1) a motion to dismiss filed by Defendants Dennis Schrader, the Maryland Department of Health, Wayne Noble, and Chandra Wiggins ("Defendants") (ECF No. 33);[2] a motion to stay the court's prior order filed by Plaintiff Robert Joseph King ("Plaintiff") (ECF No. 37); and a motion for leave to file a surreply filed by Plaintiff (ECF No. 40).[3] The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be

---

[1] Since the appeal was noted in this case, Robert L. Neall replaced Dennis R. Schrader and became the Secretary of the Maryland Department of Health. (ECF No. 45). Accordingly, Neall will be substituted as the proper defendant pursuant to Fed.R.Civ.P.25(d).

[2] The original complaint stated claims against four other people, but the amended complaint did not identify these people. Despite the filing of the motion to dismiss on behalf of all the people named in the original complaint, only the four parties identified in the amended complaint are defendants.

[3] The motion discusses a "surrebbuttal," but Local Rules refer to a "surreply" and the term "surreply" will be used.

granted, the motion to stay will be denied, and the motion for leave to file a surreply will be denied.

**I. Background**

Plaintiff is a patient at Clifton T. Perkins Hospital Center ("Perkins"), a psychiatric hospital operated by Defendant Maryland Department of Health, and suffers from urinary incontinence. (ECF No. 29). On November 21, 2016, Plaintiff filed a complaint alleging disability discrimination in violation of the Americans with Disabilities ("ADA"). (ECF No. 1). The court construed the complaint as bringing a claim pursuant to Title I of the ADA because it related to an employment matter. The court dismissed the complaint without prejudice because, although the complaint conceivably stated a violation of the ADA, it did not connect the violation to any available relief. (ECF No. 27).

Plaintiff filed an amended complaint on September 13, 2017. In it, he appears to have copied the factual background portion of the court's prior opinion. He alleges that he was given an opportunity to work in Perkins' horticulture program but was told that due to his urinary incontinence, he needed a doctor's note. He was next told that he would be limited in the number of hours he worked and that "if his disabilities interfered with the job, then he would not be allowed to work." (ECF No. 29, at 2). Five days later he was told that he would not be allowed to

work in horticulture. Plaintiff also alleges that Defendants violate the ADA "by not providing immediate and readily accessible restroom facilities" at various locations throughout the hospital. (ECF No. 29, at 6). Plaintiff requests an injunction ordering the construction of new restrooms and that Perkins unlock its existing restrooms. Although not specified in the Amended Complaint, Plaintiff contends that his complaint "should now be construed as a hybrid complaint having both Title I violations and Title II violations of the ADA." (ECF No. 36-1, at 5.)

Defendants moved to dismiss the amended complaint. (ECF No. 33). Plaintiff responded (ECF No. 36), and Defendants replied (ECF No. 38). Plaintiff also moved to stay the court's prior order (ECF No. 37) and for leave to file a surreply (ECF No. 40). Defendants responded in opposition to the motion for leave to file a surreply (ECF No. 41), and Plaintiff replied, (ECF No. 42).

**II. Motion for leave to file a surreply**

Under Local Rule 105.2(a), "[u]nless otherwise ordered by the Court, surreply memoranda are not permitted to be filed." A surreply may be permitted "when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Khoury v. Meserve*, 268 F.Supp.2d 600, 605 (D.Md. 2003) (citation omitted). By contrast, "[a]

motion for leave to file a surreply may be denied when the matter addressed in the reply is not new." *Marshall v. Capital View Mut. Homes*, No. RWT-12-3109, 2013 WL 3353752, at *3 (D.Md. July 2, 2013) (citation omitted). Defendants' reply did not raise new issues, and Plaintiff has not provided grounds to permit his filing. Accordingly, his motion for leave to file a surreply will be denied.

**III. Motion to Stay**

Plaintiff moved for a stay of the prior order pending appeal. (ECF No. 37). His appeal has been decided, and, therefore, his request for a stay will be denied as moot.

**IV. Motion to Dismiss**

    **A.    Standard of Review**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A complaint need only satisfy the standard of Rule 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft*

4

*v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).

*Pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Liberal construction means that the court will read the pleadings to state a valid claim to the extent that it is possible to do so from the facts available; it does not mean that the court should rewrite the complaint to include claims never presented. *Barnett v. Hargett*, 174 F.3d 1128, 1132 (10th

Cir. 1999). That is, even when *pro se* litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Forquer v. Schlee*, No. RDB-12-969, 2012 WL 6087491, at *3 (D.Md. Dec. 4, 2012) ("[E]ven a *pro se* complaint must be dismissed if it does not allege a plausible claim for relief." (citation and internal quotation marks omitted)).

### B. Access to Restroom

Plaintiff claims that Defendants violated the ADA by not "providing immediate and readily accessible restroom facilities" throughout Perkins.[4] (ECF No. 29, at 4-5). Defendants respond that the ADA does not prescribe the number of restrooms that a hospital or other facility must have" rather "it only requires that restrooms be architecturally accessible." (ECF No. 33-1, at 5).

Plaintiff has failed to cite any part of the ADA or related regulations that Defendants have violated. Plaintiff has not alleged that his inability to access the restrooms has resulted in his "be[ing] excluded from participation in or be[ing] denied the benefits" of Perkins. 42 U.S.C. § 12132(a). Plaintiff also

---

[4] Plaintiff apparently seeks to proceed, at least in part, under Title II of the ADA, rather than pursue the employment based issues under Title I that were raised in his original complaint.

has failed to identify how the lack of restrooms has resulted in an injury. Accordingly, Plaintiff has failed to state a claim entitling him to relief, and his claim, as it relates to the lack of restroom facilities, will be dismissed.

### C.  Employment

Plaintiff's amended complaint contains fewer facts about his employment situation than his previous complaint. The amended complaint simply alleges that a job in horticulture was offered to him but that the offer was revoked because "the treatment team did not believe the Horticulture program was an appropriate placement for Plaintiff." (ECF No. 29, at 2). He requests an order that Perkins provide additional access to the current restrooms and that Perkins construct additional restrooms. (*Id.* at 6).

The facts alleged in the amended complaint do not support the relief requested. Plaintiff's complaint contains no facts that connect any employment issue to his proposed remedy of additional access to bathrooms. Plaintiff has failed to present a claim upon which relief can be granted, and, therefore, his complaint will be dismissed.

### V.  Conclusion

Given that this is Plaintiff's second complaint and that Plaintiff did not cure the deficiencies in his first complaint after they were identified, dismissal will be with prejudice.

For the foregoing reasons, the motion for leave to file a surreply will be denied (ECF No. 40), the motion to stay the court's prior order will be denied (ECF No. 37), and the motion to dismiss filed by Defendants will be granted (ECF No. 33). A separate order will follow.

                                               /s/
                                  DEBORAH K. CHASANOW
                                  United States District Judge